IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| DAMEISHA MITCHELL, | : | |
| Petitioner, | : | |
| v. | : | CIVIL ACTION 3:16cv540-KKD |
| UNITED STATES OF AMERICA, | : | |
| Respondent. | : | |

ORDER

This action is before the Court on the Recommendation of the Magistrate Judge (doc. 16). After due and proper consideration of the issues raised and there having been no objections filed, the Recommendation of the Magistrate Judge made under 28 U.S.C. § 636(b)(1)(B) is ADOPTED as the opinion of this Court. Accordingly, it is ORDERED that Petitioner's motion for relief under 28 U.S.C. § 2255, as amended, is DENIED and this action is DISMISSED.

Rule 11(a) of the Rules Governing § 2255 Proceedings states that the "district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant" in a § 2255 proceeding. Where the claims have been rejected on the merits, such as here, "to obtain a COA, a movant must make 'a substantial showing of the denial of a constitutional right.' 28 U.S.C. § 2253(c)(2). To make this substantial showing, the movant must demonstrate that 'reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong,' or that the issues 'deserve encouragement to proceed further.'" *Vernon v. United States,* 2017 WL 6939207, at *3 (11th Cir. June 1, 2017) (unreported opinion), *cert. denied*, 138 S. Ct. 2638 (2018) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quotation omitted)).

Mitchell raised three claims of ineffective assistance of counsel and a claim that she was entitled to a retroactive minor role reduction based on an amendment to the Sentencing Guidelines. The first and second claims of ineffective assistance of counsel – that her counsel was ineffective for failing to challenge the method of calculating the loss amount attributed to her and ineffective for failing to challenge the number of checks cashed - were conclusory and not supported by any factual allegations. Thus, no reasonable jurist could debate or find wrong the decision to dismiss this claim. Moreover, the records from Walmart and the Internal Revenue Service showed that 195 refund checks generated from the fraudulent tax returns were cashed at Walmart by one of Mitchell's co-conspirators.

As to Mitchell's third claim, that her counsel was ineffective for failing to challenge the victim enhancement, no reasonable jurist could debate or find wrong the decision to dismiss this claim. Mitchell's petition was based upon *Apprendi v. New Jersey,* 530 U.S. 466 (2000) and *Alleyne v. United States,* 570 U.S. 99 (2013). However, the statutory maximum and minimum sentences for Mitchell's offenses were not increased by application of the Sentencing Guidelines victim enhancement nor were they increased due to any other judicial fact-finding.

Last, Mitchell claimed that she was entitled to a retroactive minor-role reduction based on an amendment to the Sentencing Guidelines. However, Mitchell had knowingly and voluntarily waived her right to appeal or collaterally attack her conviction and sentence with the exception of claims of ineffective assistance of counsel or prosecutorial misconduct. Moreover, the amendment cited by Mitchell was a clarifying amendment that did not substantively change the section of the Sentencing Guidelines. Importantly, Mitchell was held accountable only for her personal and direct involvement in the conspiracy. (Doc. 16, p. 14) Specifically, her leading role in the cashing of the

fraudulent tax refund checks. (Id.) Since a minor role reduction is based on establishing that a defendant's role was minor when compared to the relevant conduct attributed to the defendant, reasonable jurists would not find debatable the Court's decision to dismiss this claim.

Overall, none of the claims raised in Mitchell's § 2255 petition meet the threshold. Accordingly, Mitchell is not entitled to a Certificate of Appealability.

"An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3). Good faith is shown by "seeking appellate review of any issue that is not frivolous when examined under an objective standard." *Ghee v. Retailers National Bank*, 271 Fed. Appx. 858, 859-860 (11th Cir. 2008) (per curiam) (unpublished) (citing *Coppedge v. United States*, 369 U.S. 438, 445, 82 S. Ct. 917, 921 (1962)). An action is frivolous, and consequently not brought in good faith, if it is "without arguable merit either in law or fact." *Ghee*, 271 Fed. Appx. at 859-860 (quoting *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001)). "[A]rguable means capable of being convincingly argued." *Ghee*, 271 Fed. Appx. at 860 (quoting *Sun v. Forrester*, 939 F.2d 924, 925 (11th Cir. 1991) (internal quotations and citations omitted)). Also, if a "claim is arguable, but ultimately will be unsuccessful, it should be allowed to proceed." *Ghee*, 271 Fed. Appx. at 860 (citation omitted).

In consideration of the issues addressed herein, the Court finds that any appeal by Mitchell of the denial and dismissal of her § 2255 motion would be without merit and therefore not taken in good faith. Accordingly, she is not entitled to proceed in forma pauperis on appeal.

DONE this 12th day of September 2018.

                                s/ Kristi K. DuBose
                                KRISTI K. DuBOSE
                                CHIEF UNITED STATES DISTRICT JUDGE